UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY WAYNE ALEXANDER,<br><br>Plaintiff,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION, as Trustee for Harborview Mortgage Loan Trust 2005-10, Mortgage Loan Pass-Through Certification, Series 2005-10, *et al.*,<br><br>Defendants. | NO. C19-0971RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on a motion to dismiss filed by US Bank and Nationstar Mortgage, LLC, d/b/a Mr. Cooper. Plaintiff alleges that the current holders of a promissory note he signed are the individuals who benefit from the payments on the loan through a securitized investment and that defendants therefore lacked the power or authority to foreclose under the Washington Deed of Trust Act ("DTA"). Plaintiff also alleges that the original mortgage loan was unconscionable, that the Deed of Trust recorded in the King County property records is forged, that defendant Quality Loan Service Corp. failed to comply with procedural requirements imposed by the DTA, including the obligation to serve a Notice of Default, that the lack of a Notice of Default deprived plaintiff of his opportunity to obtain a loan modification under the Foreclosure Fairness Act ("FFA"), and that the third-party purchaser was

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 1

not a bona fide purchaser for value.[1] Based on these allegations, plaintiff asserts claims of wrongful foreclosure and violations of the DTA, the FFA, and the Washington Consumer Protection Act ("CPA"). Plaintiff requests that the Court undo the foreclosure sale that occurred on March 31, 2019, and quiet title to the property in his name. Defendants seek dismissal of plaintiff's claims on *res judicata* grounds and for failure to state a claim upon which relief can be granted. Dkt. # 8. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

(1) Plaintiff's objections to the documents defendants submitted with their motion are overruled. In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). The Court may, however, consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claims, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted. United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003).

Defendants provided copies of documents cited in the complaint or that form the basis of plaintiff's claims. These documents (Exhibits A-D, F, J, and K to the Declaration of Christopher G. Varallo (Dkt. # 9)) can be considered in ruling on the motion to dismiss. In addition, the Court may take judicial notice of public documents that are "not subject to reasonable dispute because [they]: (1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201. The state court records submitted by defendants fall within this

---

[1] The purchaser, Raja Venugopal, is a defendant in this litigation but has not moved to dismiss.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 2

category.

(2) Plaintiff alleges, without further explication, that the Deed of Trust attached as Exhibit A to the Varallo Declaration is a forgery. Plaintiff does not indicate what part of the document was forged and in fact submitted the same document to the state court with the averment that it was a true and correct copy of the Deed of Trust. See Dkt. # 9-2 at 63. Plaintiff is bound by his prior representations to a judicial tribunal and cannot create an issue of fact by contradicting himself. To the extent plaintiff objects to the consideration of the Deed of Trust because it does not have a "wet" signature, the original recorded document is admissible under the hearsay exception set forth in Fed. R. Ev. 803(14). Photocopies of the original document are admissible under Fed. R. Ev. 1003.

(3) Plaintiff filed a lawsuit in state court on August 9, 2018, seeking to enjoin the trustee's sale of the property on a number of grounds, including that the Deed of Trust was unenforceable, that assignments and appointments made thereunder were invalid, and that defendants lacked the power to foreclose. Dkt. # 9-2 at 53-99. On March 22, 2019, the state court dismissed "each claim and cause of action that was or could have been asserted against" US Bank and Nationstar. Dkt. # 9-3 at 6-7. "Filing two separate lawsuits based on the same event - claim splitting - is precluded in Washington. . . . The doctrine of *res judicata* rests upon the ground that a matter which has been litigated, or which there has been an opportunity to litigate, in a former action in a court of competent jurisdiction, should not be permitted to be litigated again." Ensley v. Pitcher, 152 Wn. App. 891, 898-99 (2009) (internal citations and quotation marks omitted). Plaintiff's claims against the moving defendants arise out of the same events as his prior state court action. Although the foreclosure sale had not occurred when the state court issued its

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 3

ruling, plaintiff does not identify any new facts or claims against the moving defendants that arise from the foreclosure itself. Plaintiff unsuccessfully challenged defendants' power and authority to foreclose. Once the state court dismissed plaintiff's challenges, the foreclosure proceeded. The subject matter is the same.

To the extent plaintiff offers new theories in support of his challenge to the foreclosure, *res judicata* applies not only to the facts and legal theories plaintiff brought forward in the state court action, "but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865 (2004) (quoting Shoeman v. N.Y. Life Ins. Co., 106 Wn.2d 855, 859 (1986)). Thus, with regards to the moving defendants, the final judgment in the state court proceeding bars the claims asserted here.

Plaintiff's only response is a bald assertion that "[t]he doctrine of *res judicata* is not applicable in this case." Dkt. # 13. Plaintiff does not dispute that the state court litigation was resolved by final judgment and involved the same subjects, the same causes of action, and the same parties. Plaintiff may not pursue this second lawsuit against the moving defendants or otherwise attempt to avoid the judgment of the state court.

(3) Plaintiff requests an opportunity to amend his complaint, but does not identify any additional facts or legal theories that could save his existing claims or give rise to a viable cause of action against the moving defendants. Plaintiff had an opportunity to address the *res judicata* argument and has not provided any evidence or legal justification that would allow him to avoid its applicability. There being no in reason to believe that the deficiency can be remedied through

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 4

amendment, leave to amend is denied.[2]

For all of the foregoing reasons, US Bank and Nationstar's motion to dismiss is GRANTED.

Dated this 23rd day of September, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] To the extent plaintiff has offered a new theory of liability against the moving defendants - that the securitization of his mortgage nullified the underlying debt obligation - the argument could have been raised in the state court litigation and has been routinely rejected in this district. See Andrews v. Countrywide Bank, N.A., 95 F. Supp.3d 1298, 1301 (W.D. Wash. 2015); Cuddeback v. Bear Stearns Residential Mortg. Corp., C12-1300RSM, 2013 WL 5692846, at *3 (W.D. Wash. Sept. 10, 2013); McCarty v. U.S. Bank, N.A., C11-5078RBL, 2012 WL 1751791, at *2 (W.D. Wash. May 16, 2012). The argument is therefore barred by the doctrine of *res judicata* and fails on the merits.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 5